UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD HUGHES,

    Plaintiff,                               Case No. 2:02-cv-73113

v.                                       HONORABLE STEPHEN J. MURPHY, III

SHAWN BREWER,

    Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PETITIONER'S MOTION FOR AN EXTENSION OF TIME
TO FILE HIS POST-CONVICTION MOTION FOR RELIEF
FROM JUDGMENT WITH THE STATE COURTS AND REQUESTING
AN ORDER FOR RESPONDENT TO SUPPLY RULE 5 MATERIALS [13]**

On April 20, 2017, the United States Court of Appeals for the Sixth Circuit granted petitioner Howard Hughes's motion to permit him to file a second or successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A), in which he challenges his 1982 conviction for first-degree murder. On November 13, 2017, the Court held the petition for writ of habeas corpus in abeyance to permit Hughes to return to the state courts to exhaust additional claims which had not yet been presented to the state courts. The Court conditioned this tolling upon Petitioner initiating his state post-conviction remedies within 90 days of receiving the Court's order and returning to federal court within 90 days of completing the exhaustion of his state court post-conviction remedies.

Petitioner has now filed a motion making two requests: (1) that the Court provide an extension of time to file his post-conviction motion for relief from judgment with the state courts; and (2) that the Court order the Respondent to provide him with the Rule 5 materials, on the ground that the state trial and appellate courts have now destroyed the

trial transcripts and other documents that petitioner claims he needs to file his post-conviction motion.

A federal district court has the power to extend the stay of a habeas petition, particularly when the respondent does not oppose the extension of the stay. *See, e.g. Roberts v. Norris,* 415 F.3d 816, 819 (8th Cir. 2005). Hughes demonstrated his entitlement to an extension of the stay because he showed that an extension of time is needed to file his post-conviction motion for relief from judgment with the state court. The Court will therefore grant Petitioner an extension of time, as stated below, to file a motion for relief from judgment in the state court.

The Court will deny Hughes's request that the Court compel the State of Michigan to provide him with the transcripts and documents from his criminal case. First, as a general rule, a criminal defendant has no federal constitutional right to a transcript to prepare a post-conviction proceeding. *Rickard v. Burton,* 2 F. App'x 469, 470 (6th Cir. 2001) (citing to *Ruark v. Gunter,* 958 F.2d 318, 319 (10th Cir. 1992)); *United States v. MacCollom,* 426 U.S. 317, 325–26 (1976). "Possession of a transcript is not a 'condition precedent' to the filing of a state post-conviction motion." *Grayson v. Grayson,* 185 F. Supp. 2d 747, 752 (E.D. Mich. 2002) (citing *Gassler v. v. Bruton,* 255 F.3d 492, 495 (8th Cir. 2001)). Indeed, petitioner could file a post-conviction motion for relief from judgment with the state trial court, after which the trial court could order the production of the transcripts. *Id.* Moreover, a prisoner is not entitled to the preparation of a free transcript merely for the purpose of searching it for grounds for a possible application for post-conviction or habeas corpus relief. *See Lucas v. United States,* 423 F.2d 683, 684–85 (6th Cir. 1970); *Watts v. State of*

Tenn., 603 F. Supp. 494, 494–95 (M.D. Tenn. 1984). In particular, Hughes is not entitled to a free transcript of his trial, because he has failed to point to any specific need for the transcripts to prepare his post-conviction motion. See Route v. Blackburn, 498 F. Supp. 875, 877 (M.D. La. 1980). In light of the conclusory nature of Hughes's motion for the production of the documents and transcripts from his state criminal case, the motion for production of these transcripts and documents is denied. See Cassidy v. United States, 304 F. Supp. 864, 867 (E.D. Mo. 1969).

### ORDER

**WHEREFORE** it is **HEREBY ORDERED** that Hughes's motion for an extension of time to file in the states courts and requesting the Court to order the Respondent to supply Petitioner with Rule 5 materials is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Petitioner may file a motion for relief from judgment with the state court within **ninety days (90) days of receipt of this Order**.

**IT IS FURTHER ORDERED** that Hughes's request that the State of Michigan be compelled to provide him with the legal transcripts and documents from his criminal case is **DENIED**.

**SO ORDERED**.

Dated: December 8, 2017

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 8, 2017, by electronic and/or ordinary mail.

s/David P. Parker  
Case Manager